UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ADDINGTON STEWART, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:04CV885 RWS |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on Defendant's and Intervenor's Joint Motion to Strike Plaintiffs' Demand for a Jury Trial and Motion for Judgment on the Pleadings with Respect to Intentional Discrimination ("Motion for Judgment on the Pleadings") [#92]. The motion will be denied.

## I. BACKGROUND

Plaintiffs Firefighters' Institute for Racial Equality and several individual African-American firefighters (collectively "FIRE") allege that Defendant City of St. Louis (the "City") has violated their rights under Title VII because the fire department's testing procedures have an adverse impact on African-Americans, causing them to be promoted to captain or battalion chief at a slower rate than Caucasian firefighters. FIRE challenges the validity of four promotion tests: the 2000 captain promotion test, the 2000 battalion chief promotion test, the 2004

captain promotion test, and the 2004 battalion chief promotion test.

FIRE filed its Complaint on July 16, 2004. FIRE's Amended Complaint was filed on July 28, 2004. In its Amended Complaint, FIRE alleged, *inter alia*, that the promotion tests for captain and battalion chief were biased so that African Americans scored lower than their Caucasian counterparts and that the City of St. Louis's actions in the testing process was willful and intentional. In Count I of the Amended Complaint, FIRE alleges violations of Title VII and 42 U.S.C. § 1981a, and in Count II, FIRE alleges violations of 42 U.S.C. § 1981.

On December 16, 2005, FIRE and Intervenors[1] filed their Motion for Judgment on the Pleadings along with a separate Motion for Partial Summary Judgment. This case is set to for trial on April 24, 2006.

## II. STANDARD

In ruling on a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) I must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party. Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party

---

[1] The Intervenors are the St. Louis Fire Fighters Association International Association of Fire Fighters Local 73 and several Caucasian firefighters (collectively "Local 73").

is entitled to judgment as a matter of law." United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000) (citing Fed. R. Civ. P. 12(c)). "The motion for judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." Wright & Miller, Federal Practice and Procedure: Civil 3d § 1367.

"If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to *and not excluded by the court*, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . ." Fed. R. Civ. P. 12(c) (emphasis added). "As is true of practice under Rule 12(b)(6), it is well-settled that it is within the district court's discretion whether to accept extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment or to reject it and maintain the character of the motion as one under Rule 12(c)." Wright & Miller, Federal Practice and Procedure: Civil 3d § 1371.

## II. ANALYSIS

In their joint motion for judgment on the pleadings, the City and Local 73 argue that FIRE failed to allege any facts from which one could infer that "Plaintiffs were subjected to disparate treatment or intentional discrimination based on race or

age by Defendant City of St. Louis . . ." The City and Local 73 further argue that because of this failure to allege facts, I should grant partial judgment in their favor on the issue of *intentional discrimination*. Finally, the City and Local 73 argue that Plaintiffs right to a jury trial is dependent on their claims for intentional discrimination, and that if judgment is granted for the City on this issue, then Plaintiffs do not have the right to a jury trial under the Seventh Amendment of the United States Constitution or any statute of the United States. As a result, it is argued, Plaintiffs jury demand should be struck, and I should try this case without a jury.

Plaintiffs respond that the pleadings contain factual allegations of intentional discrimination and the motion should therefore be denied.

The City and Local 73 filed a "Statement of Material Facts" along with their motion for judgment on the pleadings. The "Statement of Material Facts" references material outside of the pleadings. In their reply brief, the City and Local 73 argue that they "did not convert their motion for judgment on the pleadings to one for summary judgment [by filing the "Statement of Material Facts"].

For the purpose of deciding this motion, I decline to consider any extra-pleading materials, including the City and Local 73's "Statement of Material Facts." The analysis will accordingly remain that of Rule 12(c).

### A. *Whether the Pleadings Allege Intentional Discrimination*

In their Amended Complaint, Plaintiffs allege that various aspects of the promotion tests are biased against African Americans and cause African Americans to be promoted at a lower rate than Caucasians. Amended Complaint, p. 4, ¶ 5iv-viii. Plaintiffs further allege that the City's actions towards them were willful and intentional. Id. at 6, ¶ 3. And Plaintiffs allege that the City has denied, and will continue to deny, Plaintiffs equal opportunity for employment based on their race. Id. at 5, ¶ 3.

Accepting as true all facts alleged in the Amended Complaint, and granting all reasonable inferences from the Amended Complaint in favor of Plaintiffs, I find that Plaintiffs have alleged sufficient facts to withstand a motion for judgment on the pleadings. That is, Plaintiffs have alleged that they have been denied equal employment opportunity based on their race, and they have alleged that the deprivation was the result of willful and intentional acts by the City. A reasonable inference can be drawn from the facts alleged by Plaintiffs that the City purposefully designed the promotion tests to favor Caucasians over African Americans.[2]

---

[2] My analysis is also guided by the fact that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48 (U.S. 1957). Under the Federal Rules, a plaintiff is only required to allege "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). Additionally, Rule 8(f) requires that "[a]ll pleadings shall be so

Whether Plaintiffs can prove the allegations of discriminatory intent at trial is a separate matter. The issue for the purposes of deciding this motion is whether Plaintiffs have alleged discriminatory intent. Because I find that they have, I will deny the motion.

## B. *Whether Plaintiffs are Entitled to a Jury Trial*

Under 42 U.S.C. § 1981a, a complaining party alleging unlawful intentional discrimination is entitled to a jury trial if they are seeking compensatory or punitive damages. FIRE has alleged unlawful intentional discrimination and is seeking to recover compensatory damages.

The City and Local 73's argument in favor of striking FIRE's demand for a jury trial was dependant on their argument that FIRE had failed to allege intentional discrimination. Because I find that FIRE has sufficiently alleged intentional discrimination to withstand a motion for judgment on the pleadings, the City and Local 73's argument fails.

As a result, the Motion for Judgment on the Pleadings will be denied.

Accordingly,

---

construed as to do substantial justice."
    In the context of employment discrimination based on race, the United States Supreme Court has held that a plaintiff need not allege a *prima facie* case in order to survive a motion to dismiss. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-512 (U.S. 2002). That is, a plaintiff need only allege that they were discriminated against based on their race in order to survive a motion to dismiss. In this case, FIRE has alleged employment discrimination based on race.

**IT IS HEREBY ORDERED** that Defendant's and Intervenor's Joint Motion to Strike Plaintiffs' Demand for a Jury Trial and Motion for Judgment on the Pleadings with Respect to Intentional Discrimination [#92] is **DENIED**.

Dated this 17th day of February, 2006.

                                                    RODNEY W. SIPPEL
                                                    UNITED STATES DISTRICT JUDGE