UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ADDINGTON STEWART, et al.,    )
    )
    Plaintiffs,    )
    )
    v.    )    Case No. 4:04CV885 RWS
    )
CITY OF ST. LOUIS,    )
    )
    Defendant.    )

## MEMORANDUM AND ORDER

In this case of alleged employment discrimination, the parties have submitted dueling motions for partial summary judgment. Plaintiffs Firefighters' Institute for Racial Equality and several individual African-American firefighters (collectively "FIRE") allege that Defendant City of St. Louis (the "City") has violated their rights under Title VII because the fire department's testing procedures have an adverse impact on African-Americans, causing them to be promoted to captain or battalion chief at a slower rate than Caucasian firefighters. FIRE challenges the validity of four promotion tests: the 2000 captain promotion test, the 2000 battalion chief promotion test, the 2004 captain promotion test, and the 2004 battalion chief promotion test.

FIRE has moved for summary judgment on the issue of adverse impact as to all four of the promotion tests. The City and Intervenors[1] have moved for summary judgment on the issue of adverse impact as to the 2000 and 2004 battalion chief tests only. Because none of the parties has established that summary judgment should be granted in their favor, I will deny the motions.

---

[1] The Intervenors are the St. Louis Fire Fighters Association International Association of Fire Fighters Local 73 and several Caucasian firefighters (collectively "Local 73").

## I. STANDARD

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. <u>Lynn v. Deaconess Medical Center</u>, 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. <u>Id.</u> at 324. In resisting a properly supported motion for summary judgment, the nonmoving party has an affirmative burden to designate specific facts creating a triable controversy. <u>Crossley v. Georgia-Pacific Corp.</u>, 355 F.3d 1112, 1113 (8th Cir. 2004).

## II. ANALYSIS

### A. FIRE's Motion for Summary Judgment on the Issue of Adverse Impact

Plaintiffs' Statements of Uncontroverted Facts in Support of Their Motion for Summary Judgment on the Issue of Adverse Impact contains no citations to the record other than their Amended Complaint. There is not a sufficient factual record contained within the Amended Complaint to support Plaintiffs' motion for summary judgment. Because of the failure to provide the appropriate citations to the record, Plaintiffs have failed to meet their burden under <u>Celotex</u> to

"identify[] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which [they] believe[] demonstrates the absence of a genuine issue of material fact."  477 U.S. at 323.  As a result, FIRE's motion for summary judgment will be denied.

B.    **The City's and Local 73's Motion for Summary Judgment on the Issue of Adverse Impact as to the Battalion Chief Promotion Tests**

The City and Local 73 argue that they are entitled to summary judgment as to the issue of adverse impact on the battalion chief promotion tests because FIRE has failed to establish a prima facie case of adverse impact.  The City and Local 73 state that FIRE's own expert, Dr. Gary Renz, has stated that although the promotion rates associated with the battalion chief tests violate the four-fifths rule, the small number of applicants and promotions to battalion chief renders the data associated with those tests and promotions statistically insignificant.

Generally, a plaintiff may establish a prima facie case of adverse impact if he or she can demonstrate a violation of the four-fifths rule.  According to the EEOC, "A selection rate for any race, sex, or ethnic group which is less than four-fifths ( 4/5 ) (or eighty percent) of the rate for the group with the highest rate will generally be regarded by the Federal enforcement agencies as evidence of adverse impact, while a greater than four-fifths rate will generally not be regarded by Federal enforcement agencies as evidence of adverse impact."  29 CFR 1607.4(D).  But, "differences in selection rate may not constitute adverse impact where the differences are based on small numbers and are not statistically significant . . ."  Id.

However, when a plaintiffs' case depends on a small sample size, the regulations allow for methods to cure that deficiency.  "Where the user's evidence concerning the impact of a selection

procedure indicates adverse impact but is based upon numbers which are too small to be reliable, evidence concerning the impact of the procedure over a longer period of time and/or evidence concerning the impact which the selection procedure had when used in the same manner in similar circumstances elsewhere may be considered in determining adverse impact." Id.

In this case, Dr. Renz testified during his deposition that the numbers of applicants and promotions regarding the 2000 and 2004 battalion chief tests yielded results that were statistically insignificant because of the small sample size. The City and Local 73 argue that Dr. Renz's testimony regarding the statistical insignificance of the data precludes FIRE from establishing a prima facie case of adverse impact.

The City and Local 73's argument fails because it does not take into account the fact that the regulations allow a plaintiff to establish adverse impact even where the sample size is too small to yield statistically significant numbers. Dr. Renz's reports, which neither the City nor Local 73 have denied receiving, posit alternative methods for establishing adverse impact regarding the battalion chief tests. For example, in his August 22, 2205, supplemental report on the 2000 tests, Dr. Renz suggests two alternative methods that could be used to establish a prima facie case of adverse impact. First, he suggests "us[ing] the existing test results and see[ing] what would happen if more candidates had been promoted." Dr. Renz August 22, 2005, Report at 6. Using this method, Dr. Renz claims, would eliminate the problems associated with the small sample size and would yield results that are statistically significant. Second, he suggests combining the promotion and passing data from the 2000 fire captain test and the 2000 battalion chief test "to determine if when the similar tests are combined there is evidence of adverse impacts." Id. at 8.

Because the City and Local 73 failed to address or challenge Dr. Renz's alternative

methods for establishing adverse impact, they have failed to demonstrate that there are no genuine issues of material fact.  As a result, the City and Local 73's motion for summary judgment will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the City and Local 73's Joint Motion for Partial Summary Judgment [#89] is **DENIED**.

**IT IS FURTHER ORDERED** that FIRE's Motion for Partial Summary Judgment [#95] is **DENIED**.

Dated this <u>24th</u> Day of February, 2006.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE