UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADDINGTON STEWART, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:04CV885 RWS |
| ) | |
| CITY OF ST. LOUIS, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| PAUL E. DAVIS, et al., ) | |
| ) | |
| Intervenors. ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Defendant and Intervenors' Motion for Partial Summary Judgment with Respect to Plaintiffs' Claims Under 42 U.S.C. §§ 1981 and 1983. The motion will be granted.

**I. BACKGROUND**

Plaintiffs Firefighters' Institute for Racial Equality and four individual African-American firefighters (collectively, the "FIRE plaintiffs") originally filed this action against the City of St. Louis (the "City") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. §§ 1981 & 1981a. The FIRE plaintiffs claim that the promotion tests for the City of St. Louis Fire Department in 2000 and 2004 for captain and battalion chief had an adverse impact on African-Americans and that the City *intentionally* discriminated against them in the testing process. The FIRE plaintiffs seek injunctive relief and damages.

The St. Louis Fire Fighters' Association International Association of Fire Fighters Local

73 and several Caucasian firefighters (collectively "Local 73") are intervenors in this case. The intervening Caucasian firefighters took the 2000 and 2004 promotion tests and are on the promotion lists challenged in this case.

After approximately one and a half years of litigation, the City moved for dismissal of the § 1981 claim because a § 1981 claim cannot lie against a municipality but that such a claim must be brought under § 1983. The FIRE plaintiffs responded that Eighth Circuit precedent requires me to liberally construe their complaint as having been brought under § 1983. See Lockridge v. Board of Trustees, Univ. Of Ark., 315 F.3d 1005, 1007 (8th Cir. 2003) (en banc) ("we liberally construe [a plaintiff's] complaint [against a local municipality] as including claims for violations of the equal protection clause and § 1981 [as if it were] brought under § 1983.").

On June 9, 2006, I granted the City's motion for partial summary judgment on the issue of intentional discrimination. In the June 9, 2006, Memorandum and Order, I advised the parties that I was going to construe the FIRE plaintiffs' complaint as if it had been brought under § 1983. At a hearing on June 14, 2006, I determined that it would be necessary to vacate the trial date in order to allow the parties to brief the issue of whether the City is entitled to summary judgment on the § 1983 claim in light of my finding that the FIRE plaintiffs have failed to introduce *any* admissible evidence of intentional discrimination in this case. The issue has been fully briefed.

**II.     STANDARD**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160

F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the nonmoving party has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

### III.  ANALYSIS

"Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees. However, a municipality may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional municipal policy or custom. For a municipality to be liable, a plaintiff must prove that a municipal policy or custom was the moving force behind the constitutional violation." Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir.1999) (citations and quotations omitted).

An existing "'custom or usage' is demonstrated by: (1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) Deliberate indifference to or tacit authorization of such conduct by the

governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) The plaintiff's injury by acts pursuant to the governmental entity's custom, i.e., proof that the custom was the moving force behind the constitutional violation." Ware v. Jackson County, Mo., 150 F.3d 873, 880 (8th Cir.1998) (brackets omitted).

In this case, the FIRE plaintiffs have failed to produce evidence showing an unconstitutional policy or custom of the City relating to firefighters' promotion tests. Most of the evidence produced by the FIRE plaintiffs in response to their motion for summary judgment has been addressed at length in my June 9, 2006, Memorandum and Order. In that opinion, I found that the FIRE plaintiffs failed to introduce *any* evidence showing *intentional* discrimination by the City in the promotion tests. The FIRE plaintiffs' other evidence is either irrelevant or inadmissible. As a result, the motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the City and Local 73's Motion for Partial Summary Judgment with Respect to Plaintiffs' Claims Under 42 U.S.C. §§ 1981 and 1983 [#193] is **GRANTED**.

Dated this 28th Day of August, 2006.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE