UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADDINGTON STEWART, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:04CV00885 RWS |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

On May 25, 2007, Defendant City of St. Louis prevailed in this suit by receiving a judgment in its favor under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. §§ 1981 and 1981a. After judgment was entered Intervenors and Defendant City of St. Louis filed separate motions for bill of costs [#281, 284]. On August 7, 2007, Defendant City of St. Louis filed a motion for leave to file a supplemental bill of costs [#290]. Plaintiffs have filed objections to each of these motions.

*Standard*

The presumption under Fed. R. Civ. P. 54 (d) is that the prevailing party is entitled to costs. Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). Under Title 28 U.S.C. § 1920 the Court may tax costs for, among other things, the following: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and copies of papers necessarily obtained for use in the case.

The prevailing party is entitled to the award of its costs which qualify for reimbursement. In order to receive an award of costs, supporting documentation for each request must be filed with the bill of costs. See Bill of Costs form Special Note.

***Defendant's Bill of Costs***

Local Rule 54-8.03

Plaintiffs first object to Defendant's Bill of Costs on the basis that the City filed its Motion for Costs out of time and therefore waived its motion pursuant to Local Rule 54-8.03. However, Local Rule 54-8.03 states that "Failure to file a bill of costs within the time provided *may* constitute a waiver of taxable costs." (emphasis added). I entered Judgment in this case on May 25, 2007 and the City filed its Motion for Costs on June 25, 2007. While this is outside the twenty days prescribed by Local Rule 54-8.03, I do not find that Plaintiffs were prejudiced by this delay.

Therefore, I find that Defendant's tardy filing does not constitute a waiver of taxable costs in this case.

Preliminary Injunction Hearing Transcript and Daily Trial Transcripts

Plaintiffs also argue that the City is not entitled to the cost of the transcript of Preliminary Injunction hearing or the costs of the daily transcripts of the trial because they are not authorized pursuant to 28 U.S.C. § 1920. The charge associated with plaintiffs' obtaining a daily trial transcript is a part of a reasonable attorney's fee, but not a taxable cost. Emmenegger v. Bull Moose Tube Co., 33 F. Supp. 2d 1127, 1134-1135 (D. Mo. 1998). While a trial transcript is a necessary expense of an appeal, and therefore taxable on appeal under Rule 39(e), Fed. R. App. P., it cannot be said that a trial transcript is ordinarily necessary for use in the trial itself. See McDowell v. Safeway Stores, Inc., 758 F.2d 1293, 1294 (8th Cir. 1985) (stating that before awarding the cost of a trial transcript, the court

The prevailing party is entitled to the award of its costs which qualify for reimbursement. In order to receive an award of costs, supporting documentation for each request must be filed with the bill of costs. See Bill of Costs form Special Note.

***Defendant's Bill of Costs***

Local Rule 54-8.03

Plaintiffs first object to Defendant's Bill of Costs on the basis that the City filed its Motion for Costs out of time and therefore waived its motion pursuant to Local Rule 54-8.03. However, Local Rule 54-8.03 states that "Failure to file a bill of costs within the time provided *may* constitute a waiver of taxable costs." (emphasis added). I entered Judgment in this case on May 25, 2007 and the City filed its Motion for Costs on June 25, 2007. While this is outside the twenty days prescribed by Local Rule 54-8.03, I do not find that Plaintiffs were prejudiced by this delay.

Therefore, I find that Defendant's tardy filing does not constitute a waiver of taxable costs in this case.

Preliminary Injunction Hearing Transcript and Daily Trial Transcripts

Plaintiffs also argue that the City is not entitled to the cost of the transcript of Preliminary Injunction hearing or the costs of the daily transcripts of the trial because they are not authorized pursuant to 28 U.S.C. § 1920. The charge associated with plaintiffs' obtaining a daily trial transcript is a part of a reasonable attorney's fee, but not a taxable cost. Emmenegger v. Bull Moose Tube Co., 33 F. Supp. 2d 1127, 1134-1135 (D. Mo. 1998). While a trial transcript is a necessary expense of an appeal, and therefore taxable on appeal under Rule 39(e), Fed. R. App. P., it cannot be said that a trial transcript is ordinarily necessary for use in the trial itself. See McDowell v. Safeway Stores, Inc., 758 F.2d 1293, 1294 (8th Cir. 1985) (stating that before awarding the cost of a trial transcript, the court

should determine that the transcript was not obtained primarily for the convenience of parties but was necessary for use in the case). The transcript was certainly helpful in this case, and was a reasonable out-of-pocket expense of counsel, reasonably billed to the client, but I cannot say it was necessary and therefore taxable under § 1920. See McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir. 1990).

Therefore, I find that the charges associated with the City obtaining a daily trial transcript and a transcript of the Preliminary Injunctions hearing are not properly taxed to Plaintiffs.

Deposition Costs

Plaintiffs also argue that the City is not entitled to the costs of the depositions of Deborah Dee and Roger McCurley. Under 28 U.S.C. § 1920, taxable costs include fees of a court reporter for all or any part of a stenographic transcript "necessarily" obtained for use in "the case." In order to provide the basis of an award of costs, a deposition cannot have been taken solely for the purpose of investigation or simply for an attorney's convenience. Slagenweit v. Slagenweit, 63 F.3d 719, 721 (8th Cir. 1995). Although use of a deposition at trial is direct evidence of its necessity, a deposition unused at trial may still fall within § 1920's ambit if it was reasonably necessary in preparing the case. See Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1184 (Fed. Cir. 1996). If, at the time it was taken, a deposition could reasonably be expected to be used for trial, rather than merely for discovery, it may be included in the costs of the prevailing party. See id.; Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993).

Applying that standard, I will allow the deposition fees sought by the City as part of the taxable costs.

### Motion to File Supplemental Bill of Costs

The City asks leave to file a Supplemental Bill of Costs in the amount of $270,601.53, representing the amount Defendant expended on expert assistance and testimony from Barrett & Associated and E.B. Jacobs.  However, 28 U.S.C. § 1821 limits the witness fee authorized by § 1920 to forty dollars per day, provides that a witness who travels by common carrier be paid "the actual expenses of [that] travel," and requires that a witness whose overnight stay is required be given a "subsistence allowance" not to exceed the maximum per diem allowance prescribed by the Administrator of General Services.  See § 1821(b)-(d).  In Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987), the Supreme Court held that the provisions of § 1821 and § 1920 "define the full extent of a federal court's power to shift litigation costs absent express statutory authority."

I will therefore deny Defendant's motion for leave to file a supplemental bill of costs [#290].

## *Intervenor's Bill of Costs*

### Prevailing Party

Plaintiffs argue that a final judgment, decree or order was not entered in favor of Intervenors pursuant to Federal Rules of Civil Procedure 54 and 58 and Intervenors are not therefore entitled to an award of costs.  Rule 54(d)(1) allows "costs . . . as of course to the *prevailing* party . . ." (emphasis added).  A final judgment was entered in favor of Plaintiffs and against Defendants.  Therefore, Intervenors are also a "prevailing party" in this case.

I find that Intervenors are entitled to an award of costs.

### Daily Trial Transcript

Plaintiffs next argue that Intervenors are not entitled to the cost of the transcript of the trial pursuant to 28 U.S.C. § 1920. As discussed above, the charges associated with the Intervenors obtaining a daily trial transcript are not properly taxed to Plaintiffs.

Deposition Costs

Plaintiffs argue that Intervenors are not entitled to the cost of the depositions of Deborah Dee, Roger McCurley, or any of the Intervenors because they were not witnesses at trial. Plaintiffs also argue that Intervenors are not entitled to the "other costs" itemized in their Bill of Costs because the witnesses listed did not testify on the Intervenor's behalf and are not authorized by 28 U.S.C. § 1920. As discussed above, a deposition unused at trial may still fall within § 1920's ambit if it was reasonably necessary in preparing the case. See Manildra Milling Corp., 76 F.3d at 1184. If, at the time it was taken, a deposition could reasonably be expected to be used for trial, rather than merely for discovery, it may be included in the costs of the prevailing party. See id.

Applying that standard, I will allow the deposition fees sought by Intervenors as part of the taxable costs.

Accordingly,

**IT IS HEREBY ORDERED** that Intervenors' Motion for Bill of Costs [#281] is **GRANTED in part and DENIED in part.** As a result, the Clerk shall tax costs in the amount of $2,891.10.

**IT IS FURTHER ORDERED** that Defendant's Motion for Bill of Costs [#284] is **GRANTED in part and DENIED in part.** As a result, the Clerk shall tax costs in the amount of $2,829.80.

**IT IS FURTHER ORDERED** that Defendant's Motion to File Supplemental Bill of Costs[#290] is **DENIED.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of October, 2007.